State v. Spicer

STATE OF NORTH CAROLINA v. CURLEY SPICER

No. 7429SC715

(Filed 16 October 1974)

**Assault and Battery § 14— felonious assault — sufficiency of evidence**

The State's evidence was sufficient for the jury in a prosecution for assault with a deadly weapon with intent to kill inflicting serious injuries not resulting in death where it tended to show that defendant stated he was going to kill his estranged wife and the victim, that defendant pulled a gun and shot the victim twice and that defendant fired another shot at the victim while he was running to a witness's car for help.

APPEAL by defendant from *Martin, Judge,* May 1974 Session of RUTHERFORD Superior Court. Heard in the Court of Appeals 17 September 1974.

Defendant was charged in a bill of indictment with felonious assault with a deadly weapon with intent to kill inflicting serious injuries, not resulting in death. He pleaded not guilty.

The evidence for the State tended to show that the victim of the assault had been dating the defendant's wife after the defendant and she were separated and living apart; that the defendant, his wife, their children, and the victim were riding in the victim's car to the defendant's house; that the defendant got out of the car and went into the house to get some money for his wife and children; that upon returning the defendant announced " . . . I have something for both of you. . . . I'm going to kill both of you."; that the defendant pulled a gun and shot the victim twice whereupon the victim began running to a witness's car for help; and that the defendant fired another shot at him while he was running away.

Upon denial of a motion to dismiss, the defendant testified that he was threatened by the victim; that the victim reached in his pocket, presumably for a gun; that he shot him in this belief; that his hand then came out of his pocket and no gun was present; that the victim began running away; and that he did not shoot at him again. Defendant's motion for dismissal as of nonsuit was renewed and was denied.

The judge then charged the jury on the various degrees of assault, and the jury returned a verdict of guilty of assault with a deadly weapon inflicting serious injury; and from a sentence

State v. Sutton

imposing imprisonment from five to seven years in prison, the defendant appealed.

*Attorney General James H. Carson, Jr., by Assistant Attorney General Charles R. Hassell, Jr., for the State.*

*George R. Morrow for the defendant appellant.*

CAMPBELL, Judge.

The defendant contends that the trial court erred in overruling defendant's motion for nonsuit. "On such motion the evidence must be considered in the light most favorable to the State and the State is entitled to every reasonable intendment thereon and every reasonable inference therefrom. . . . Only the evidence favorable to the State is considered, and defendant's evidence relating to matters of defense or defendant's evidence in conflict with that of the State is not considered." *State v. Everette,* 284 N.C. 81, 84, 199 S.E. 2d 462, 465 (1973).

Taking the evidence in the light most favorable to the State and disregarding that evidence of the defendant which is in conflict, it is established that there was sufficient evidence to go to the jury. The case was submitted to the jury free from prejudicial error.

No error.

Judges PARKER and VAUGHN concur.